GUY P. FOOTE, Appellee, v. ANNA SOUKUP, Appellant.

No. 43287.

MAY 12, 1936.

REHEARING DENIED SEPTEMBER 25, 1936.

James E. Remley, for appellant.

Rhinehart & McLaughlin, for appellee.

ANDERSON, J.—This action was originally commenced in a justice court in Jones county, Iowa, as an action in forcible entry and detainer. An answer was filed by the defendant-appellant denying that she was guilty of a forcible entry and detainer and denying plaintiff's right to the possession of the real estate involved. The defendant further alleged that she was 68 years of age, and that she and her husband, Wesley Soukup, purchased the property in question, which is located in Anamosa, Iowa, in October, 1923, and had occupied the same as their homestead ever since, that her husband died in August, 1934, and that she had continued to occupy the property as her homestead thereafter. She further alleged in her answer that a deed was executed by herself and husband conveying the property in question to her son-in-law, Guy P. Foote, the plaintiff-appellee, in May, 1934, and at the time the said deed was executed it was agreed between the parties thereto that the grantors, Mr. and Mrs. Soukup, should have a life estate in the property so conveyed; and that they should be permitted to live on the premises without cost as long as either one of them survived, and that through inadvertence, oversight, mistake, and forgetfulness such agreement was omitted from the conveyance, and that as executed the deed did not represent the agreement of the parties thereto. The case was thereupon transferred to the district court of Jones county. An amendment to the answer of the defendant was then filed in which it was alleged that, at the time the deed was executed to the plaintiff, the plaintiff's wife, Anna Foote, held a mortgage upon the property in question for approximately $1,500, and that the value of the real estate was in excess of the amount due upon said mortgage, and that a part of the

consideration for execution of the deed was the cancellation of the mortgage and the agreement that the father and mother of the mortgagee should have the right to occupy the premises as long as either of them lived, that Wesley Soukup, the husband of the appellant, was old, childish, feeble, and sick, and neither he nor his wife understood the English language sufficiently to understand the contents of the deed they executed, and that plaintiff perpetrated a fraud, deception, and gross injustice upon the defendant and her husband in omitting from the deed the provision reserving a life estate to the grantors; and defendant asked that the deed be reformed so as to contain the real agreement of the parties at the time it was executed. The plaintiff filed a reply to the answer and amendment of the defendant which is in the nature of a general denial, and the prayer of which asked that the defendant's request for affirmative relief be denied, that the title of the plaintiff in the premises be quieted, and that plaintiff have other and further equitable relief.

The case was tried to the court as in equity, and the court found and held that the plaintiff, Guy P. Foote, was the holder of the legal title of the property involved, and was entitled to the possession thereof, and that there was no agreement or understanding of any kind reserving to the grantors in the deed a life estate. The court further found and decreed that the defendant has no right, title, or interest in or to the premises involved, and the title thereto be quieted in said plaintiff as against the defendant, Anna Soukup; and further ordered and decreed that the defendant be removed from the premises and that the plaintiff be put in possession thereof. From this final order and decree of the court the defendant has appealed.

The record discloses that the defendant, Anna Soukup, is 70 years old, that she cannot read or write the English language, and that she speaks the language very poorly and understands only the simplest words thereof. Her husband, Wesley Soukup, was 74 years of age at the time of his death, and had been feeble and sick and confined to his bed part of the time for many months prior to his death; that he understood the English language very poorly and could not read or write the same. The parties were born in Bohemia and did not acquire the habits, language, and character of the people of their adopted country. They had five living children, one of whom (Anna) is the wife

of the plaintiff, Guy P. Foote. The defendant and her husband purchased the property herein involved in October, 1923, and occupied the same as their homestead until the death of the husband, Wesley, and his widow, Anna Soukup, was occupying the same at the time of the commencement and trial of this action. In May, 1934, the son-in-law, Guy P. Foote, plaintiff, had an attorney prepare the deed in question, then went to the home of his parents-in-law, and took them to the office of the attorney where the deed was executed. The grantors continued to occupy the homestead from the time of the execution of the deed until the death of the husband, Wesley Soukup, October 21, 1934, without the payment of any rent and without any question being raised as to their right to so occupy the property. After the death of the husband, the widow, Anna Soukup, the defendant herein, continued to occupy the premises unmolested until the latter part of December, 1934, at which time notice to quit was served on her and the present action for possession was commenced in justice court. In December, 1934, for some reason not disclosed by the record, the plaintiff, Guy P. Foote, called the children of the defendant to his residence. The defendant, having recently been removed from a hospital to the plaintiff's residence, was also present. At this meeting the plaintiff presented a so-called agreement in writing and asked his mother-in-law, the defendant, to sign the same. The contents of this agreement furnishes considerable insight as to the plaintiff's condition of mind and disposition toward the happiness and welfare of his mother-in-law, the defendant. The proposed agreement was as follows:

"Whereas, Guy Foote and his wife, have kindly agreed to permit me to make my home with them so long as we can live together in peace and harmony so that the happiness of neither one will be interfered with, and

"Whereas, I appreciate that I will be a guest in their home, and

"Whereas, there has been some disagreeable situations arise in the past due to interference with our relations in the home by third persons,

"Therefore, be it remembered; that I agree to recognize and respect all the rules and regulations adopted by Guy Foote and his wife for the household whilst I live there and to so con-

duct myself that there will be peace and harmony in the home and no quarreling and that I agree to turn over to them all monies or property that can be readily converted into money so that they may put it in a bank to be used to help pay my funeral expenses or expenses of last illness. And that I agree that if I become dissatisfied with their hospitality that I will peaceably leave their home and make my home with some one else or else go to the county home. And that I agree not to bring into the home any one who will cause trouble between us. That it is my understanding that Mr. and Mrs. Guy Foote have agreed to give me a reasonable amount of spending money from the monies I may have turned over to them from time to time in the event I become able to go visiting and do leave their home temporarily to go visiting.''

The proposed agreement was not signed by the defendant, Mrs. Soukup. She did not understand the contents of the agreement and she did not understand the necessity therefor. She had some little money and her household goods, and she expressed a desire to return to her home and remain there during the few short remaining years of her life. The plaintiff, Foote, her son-in-law, had contemplated the sale of the household goods of his mother-in-law and had procured sale bills and fixed the day for sale. To this arrangement the defendant objected also, and, upon the refusal of the defendant to permit the sale of household goods and personal property and the turning of the proceeds thereof over to her son-in-law, together with some other small amount of money she posssessed, and her continued refusal to sign the agreement presented to her by the plaintiff, the plaintiff ordered her to leave his home. Neither at this meeting nor at any other time was anything said about rent being paid by the widow to her son-in-law for the homestead. There is some unsatisfactory testimony as to the payment of rent for two months at $5 per month after the death of Wesley Soukup, but the widow denies any such payment and states that she gave her daughter, Anna Foote, $10 to apply upon the taxes due upon the place. Upon the failure of the widow to sign the proposed agreement and turn over the proceeds of the sale of her personal household effects to her son-in-law, her son-in-law, the plaintiff, said that he was through with her and that she could no longer reside with him. The action to oust her from the possession of her homestead was then commenced.

The evidence is too extensive to quote or refer to at length as to the understanding and agreement of the parties at the time the deed in question was executed. The parties, appellant and appellee, do not agree at all as to the facts, and it has been necessary for us to resort to the transcript of the evidence which has been certified to us. We have carefully read the transcript, and are constrained to hold that the weight of evidence discloses that the old gentleman, Soukup, and his wife did not understand the purport of the deed conveying the title of the homestead property to their son-in-law, and took their son-in-law's statements to them that it would not change the right of their occupancy to the homestead during their lives, and they understood such was the condition of the conveyance. Repeated statements and declarations of the old gentleman, Soukup, convince us that he understood that the conveyance would not interfere with the right of himself and his wife to continue the occupancy of the homestead during their lives, and the testimony of the widow is plainly to that effect. Incidentally, the widow was called as a witness for the plaintiff, and testified in most part through an interpreter. Her examination discloses without any doubt that she did not understand ordinary simple English language.

The district court in its decree quieted the title to the property in the plaintiff as against the defendant. There was no pleading of the plaintiff upon which such finding and decree could be based, and such finding and decree is, in our judgment, contrary to the weight of the testimony.

We are constrained to hold that the evidence supports the contentions of the defendant as made in her answer and amendment thereto, and that the decree should have included such finding and should have reformed the deed by inserting therein a provision that the defendant, Anna Soukup, retained and possessed a life estate in the property involved. The cause will be reversed and remanded, with directions to enter a decree in the lower court in conformity with this opinion.

The motions to strike appellant's brief and argument and to strike appellee's amendment to abstract, heretofore submitted with the case, are overruled.

It is ordered that procedendo issue upon the filing of this opinion.—Reversed and remanded.

DONEGAN, C. J., and ALBERT, KINTZINGER, MITCHELL, PARSONS, RICHARDS, HAMILTON, and STIGER, JJ., concur.